IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **CANDICE S. KLEIN,  #26623-078** § | |
| § | |
| VS. § | **CIVIL ACTION NO. 4:22cv1079** |
| § | **CRIMINAL ACTION NO. 4:16cr101(16)** |
| **UNITED STATES OF AMERICA** § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

*Pro se* Movant Candice Sharlene Klein filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

## I.  BACKGROUND

On September 14, 2017, the District Court sentenced Movant to 282 months' imprisonment after she pled guilty to conspiracy to possess with the intent to manufacture and distribute methamphetamine, in violation of 21 U.S.C. §846 (Crim. ECF Dkt. #451). The District Court entered judgment on September 18, 2017. *Id*. On April 1, 2019, the District Court reduced Movant's sentence to 177 months' imprisonment after the Government filed a Rule 35(b) motion based on Movant's substantial assistance (Crim. ECF Dkt. ## 680, 681, 682). Movant did not file a direct appeal. Attached to her § 2255 motion was a "sworn statement to facts" that Movant executed on December 21, 2022 (Dkt. #1-1); thus, that date is the earliest possible date she could have placed her motion in the prison mail system. Accordingly, Movant's § 2255 motion is deemed filed on December 21, 2022.

*See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (the timeliness of a habeas petition for determining the effective date of the AEDPA limitations deadline depends on the date the prisoner delivered the documents to prison authorities for filing). The Government was not ordered to file a response.

## II.  ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") went into effect.  A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255.  In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction. A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed.  *United States v. Gamble*, 308 F.3d 536, 537 (5th Cir. 2000);  *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000). When a defendant fails to file a timely notice of appeal from the judgment of the trial court, the conviction is final upon the expiration of the time for filing a notice of appeal, which is fourteen days after the entry of the judgment. Fed. R. App. P. 4(b).  *See, e.g., Wims v. United States*, 225 F.3d 186, 188 (2nd Cir. 2000).

Movant's final judgment issued on September 18, 2017;[1] thus, her notice of appeal was due fourteen days later.  Fed. R. App. P. 4(b).  Movant did not file a notice of appeal; consequently, the conviction became final for purposes of § 2255 fourteen days later, on October 2, 2017. Accordingly, the present § 2255 motion must have been filed within one year from the date on which

---

[1] Although the District Court issued an amended judgment on April 1, 2019, the Fifth Circuit has repeatedly held that an amended judgment does not restart the clock for the § 2255 statutory limitations period.  *See, e.g., United States v. Jones*, 796 F.3d 483, 486 (5th Cir. 2015), *United States v. Olvera*, 775 F.3d 726, 729 (5th Cir. 2015).

the judgment became final. Movant had until October 2, 2018, in which to file the § 2255 motion. She did not file it until December 21, 2022 – four years, two months, and nineteen days beyond the limitations deadline. Thus, the § 2255 motion is time-barred unless Movant demonstrated that she is entitled to equitable tolling.

The United States Supreme Court confirmed the AEDPA statute of limitations is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 560 U.S. at 649). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). The petitioner bears the burden of proving he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The Fifth Circuit has held the district court has the power to equitably toll the limitations period only in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir.1998). To qualify for such equitable tolling, the petitioner must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). In making this determination, it should be noted the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, and unfamiliarity with the legal process do not constitute extraordinary circumstances. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000).

As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the

statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the court is aware dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324 (1996). Additionally, the Fifth Circuit has held that "[e]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). To obtain the benefit of equitable tolling, Movant must also establish he pursued habeas relief with "reasonable diligence." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013); *Holland*, 560 U.S. at 653 (the diligence required for equitable tolling purposes is reasonable diligence).

Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

Movant challenges the sentence in her case and the constitutionality of her conviction. Movant complains that no drug quantity was stated within her indictment or plea agreement, the confrontation clause was violated, and Counsel was ineffective. Specifically, she complains Counsel failed to interview witnesses, file motions, discuss an appeal, make certain the sentencing guidelines

4

were followed and that the sentencing was properly calculated. She also claims Counsel suffered from a conflict of interest. She claims that Counsel failed to object to the misuse of sentencing enhancements, the sufficiency of the evidence, and an unreliable Presentence Report. Although not clear, Movant may also have raised an ineffective assistance of counsel claim that Counsel failed to file a notice of appeal after being instructed to do so.

Movant concedes her § 2255 motion is untimely. To explain why it was not timely filed, she states that, as a lay person unfamiliar with the legal process and while in jail, she was unable to timely file her motion. She also states that her attorney delayed in sending her case file to her. Movant files nothing in support of her claims other than her conclusory allegations, which are insufficient to entitle her to relief. *Woods*, 870 F.2d at 288. Furthermore, proceeding *pro se,* lack of legal training, and unfamiliarity with the legal process do not constitute extraordinary circumstances. *Felder*, 204 F.3d at 173.

In sum, Movant filed her § 2255 motion more than four years beyond the limitations deadline, and fails to show that she is entitled to equitable tolling. Movant fails to show that "rare and extraordinary circumstances" prevented her from timely filing, *Davis*, 158 F.3d at 810-11, or that she exercised due diligence, *Palacios*, 723 F.3d at 604. For these reasons, Movant's § 2255 motion should be denied.

### III. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that the court, nonetheless, address whether he would be entitled to a certificate of appealability. *See*

*Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended the court find Movant is not entitled to a certificate of appealability.

## IV.  RECOMMENDATION

It is recommended the above-styled motion for relief under 28 U.S.C. § 2255 be denied and this case be dismissed with prejudice.  It is further recommended a certificate of appealability be denied.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 30th day of October, 2023.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE